UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Maria ALICEA | ) | 3:21-CV-01147 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BRIDGEPORT, BRIDGEPORT POLICE DEPARTMENT, OFFICER RIVERA, OFFICER GRANELLO, OFFICER SWIX, OFFICER LARACUENTE, & OFFICER CRUZ | ) ) ) ) ) | JULY 7, 2022 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANTS' MOTION TO DISMISS, ECF No. 69**

Kari A. Dooley, United States District Judge:

The Plaintiff, Maria Alicea, brings this civil rights action pursuant to Title 42 U.S.C. §1983 against the City of Bridgeport (the "City"), Bridgeport Police Department (the "Bridgeport P.D."), and Officers Rivera, Swix, Granello, Laracuente, and Cruz (the "Officer Defendants") (collectively, "the Defendants") for injuries she sustained on July 3, 2020 during a health and wellness check at her residence. She alleges violations of her rights under the First, Fourth, and Thirteenth Amendments and seeks money damages.[1]

Pending before the Court is the Defendants' Motion to Dismiss in which the Defendants seek dismissal of several of Plaintiff's claims in the Second Amended Complaint on a number of bases. Plaintiff has opposed the motion. For the reasons set forth below, the Defendants' motion is GRANTED.

---

[1] In the Amended Complaint, Plaintiff indicates that she also brings a *Bivens* action. However, Plaintiff does not name any federal official as a defendant. There is simply no reading of the Complaint that would include a *Bivens* claim, and the Court, therefore, does not discuss this claim further.

**Allegations & Procedural Background**[2]

On July 3, 2020, members of the Bridgeport P.D., including the Officer Defendants, were dispatched to conduct a health and wellness check on the Plaintiff.[3] Plaintiff's husband opened the door. The Officer Defendants entered the residence without Plaintiff's consent. Plaintiff was naked at the time, and she had several sutures on her abdomen from recent surgery and was wearing a diaper. The Officer Defendants did not state the reasons for their entry or presence and, after initially leaving Plaintiff's apartment, returned and broke down Plaintiff's door. Plaintiff maintains that she repeatedly told the Officer Defendants to leave and that the Officer Defendants did not have her consent to enter the apartment.[4]

Plaintiff eventually retreated to another room in her apartment, which was part of a larger, gated apartment complex. Feeling trapped, Plaintiff escaped out of a second story window and suffered multiple injuries from the fall that ensued. Several officers and members of an ambulance team went around the Plaintiff's building, found Plaintiff, and rendered aid. Plaintiff's hospital records indicate that, upon arrival at Bridgeport Hospital, Plaintiff presented as a trauma alert with lacerations, broken bones, and other injuries. The Plaintiff also claims that she lost her job because of this incident and that she suffers ongoing emotional and physical injury as a result of this incident.

Plaintiff initiated this action against the City, Bridgeport P.D., and Officers Rivera, Granello, and Swix on August 10, 2021 in state court. Those Defendants removed the case to

---

[2] For the purposes of this motion, the Court, as it must, accepts as true the allegations in Plaintiff's Amended Complaint, ECF No. 68. *See*, *e.g.*, *Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 347 (2d Cir. 2003). The Court also considers the documents to which Plaintiff refers and which were attached to a previous pleading. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).
[3] Plaintiff disputes whether such a welfare check was necessary or even appropriate.
[4] Officer Swix's incident report, referenced in this Amended Complaint and attached to an earlier version, differs from Plaintiff's recitation in several respects, such as whether the Officer Defendants had consent to enter Plaintiff's apartment. For purposes of this decision, the Court accepts Plaintiff's version of events.

federal court on August 27, 2021. With leave of the Court, on December 20, 2021, Plaintiff filed the operative Second Amended Complaint. Therein, and on the basis of the allegations set forth above, the Plaintiff, pursuant to 42 U.S.C. § 1983, asserts that the Defendants violated her First Amendment rights to the freedoms of speech and expression; her Thirteenth Amendment right not to be treated as a slave; and her Fourth Amendment right to be free from unreasonable searches and seizures.[5] Plaintiff sued all of the Officer Defendants in both their official and individual capacities, and she seeks $3.5 million in damages resulting from her physical injuries and the loss of her employment following the incident on July 3, 2020.

**Legal Standard**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

---

[5] The Defendants do not seek dismissal of the claims predicated on the Fourth Amendment.

Title 42, Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Consequently, asserting a § 1983 claim requires that a plaintiff "allege facts indicating that some official action has caused the plaintiff to be deprived of [her] constitutional rights." *See*, *e.g.*, *Dingwell v. Cossette*, 327 F. Supp. 3d 462, 469 (D. Conn. 2018) (quoting *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002)).

### *The City*

"To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (alterations and quotation omitted). *See also Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

The Defendants seek dismissal of all claims against the City because, the Defendants assert, the Plaintiff has not sufficiently alleged a *Monell* claim against the City. The Court agrees. The Second Amended Complaint contains no allegations that the Officer Defendants violated the Plaintiff's rights through any conduct undertaken pursuant to a policy, custom, or practice promulgated or ratified by the City. Nor does she allege that the Officer Defendants are themselves

4

policy makers such that their conduct may be said to fairly represent official policy. *See Dingwell*, 327 F. Supp. 3d at 475 (denying a motion to dismiss where discovery might reveal that a police chief was a policymaker for the purposes of a § 1983 claim). Rather, the central allegations in the Second Amended Complaint revolve around the Officer Defendants' decision to enter the Plaintiff's apartment after arriving on scene to conduct a wellness check and the manner and means by which they did so. There are no allegations that the Officer Defendants, when entering her residence, acted pursuant to their training provide by the municipality, or a policy or practice of the municipality.[6] Nor does plaintiff allege a failure by the City to properly oversee the Officer Defendants. *See Wray*, 490 F.3d at 196 (discussing a failure to train or supervise § 1983 claim as well as a deliberate indifference § 1983 claim). Plaintiff's opposition to the motion to dismiss does not articulate any other theory under which the City might be held liable for the alleged violations of Plaintiff's constitutional rights by the Officer Defendants.

The motion to dismiss the claims against the City of Bridgeport is GRANTED, albeit without prejudice to the filing of a Third Amended Complaint if the Plaintiff believes she can allege facts which would plausibly allege *Monell* liability against the City.

### *Bridgeport P.D.*

The Bridgeport P.D. seeks dismissal of all claims against it on the grounds that it is not an entity capable of being sued pursuant to 42 U.S.C. § 1983. The Court agrees. It is settled that while "[a] municipality is subject to suit pursuant to 42 U.S.C. § 1983. . . . [a] municipal police department, . . . is not a municipality nor a 'person' within the meaning of section 1983" and, therefore, is not subject to suit under that section. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164–65 (D. Conn. 2005) (citing *Monell*, 436 U.S. at 690 and collecting cases).

---

[6] To the contrary, Plaintiff alleges that the Officer Defendants' conduct was a *violation* of the policies and practices of the Bridgeport P.D.

All claims against the Bridgeport P.D. are DISMISSED with prejudice.

***The Officer Defendants***

Finally, the Defendants assert that the First Amendment and Thirteenth Amendment claims against Officer Defendants should be dismissed because the Plaintiff has failed to allege facts that are sufficient to sustain those claims. The First Amendment, as applied to the states through the Fourteenth Amendment, prevents government actors from "abridging the freedom of speech," and it is axiomatic that a freedom of speech or freedom of expression claim pursuant to § 1983 must allege that some speech was abridged. *See Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (setting out the elements of a § 1983 claim alleging a retaliation for the exercise of free speech); *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006) (discussing municipality official's conduct in an "as applied" challenge to a "time, place, manner" restriction on speech under New York state law). Stating a claim for a Thirteenth Amendment violation, meanwhile, requires a plaintiff to allege that she was subjected to involuntary servitude, *i.e.*, "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." *McGarry v. Pallito*, 687 F.3d 505, 511 (2d Cir. 2012) (quoting *United States v. Kozminski*, 487 U.S. 931, 952 (1988)).

Here, the Second Amended Complaint contains only a conclusory allegation that the facts alleged amount to a violation of Plaintiff's First Amendment free speech rights. Plaintiff does not allege that she engaged in any protected speech, or that the Officer Defendants were motivated by such conduct. *See Dingwell*, 327 F. Supp. 3d at 469 (stating that, to plead a First Amendment retaliation claim, a plaintiff must show: (1) she has a right protected by the First Amendment; (2) the defendants' actions were motivated or substantially caused by plaintiff's exercise of that right;

and (3) the defendants' actions caused her some injury). And nowhere does Plaintiff identify any speech or expression that she was prevented from making by the actions of the Officer Defendants. *See Field Day, LLC*, 463 F.3d at 175–76 (holding that a concert organizer and promoter had standing to challenge the denial, pursuant to New York law, of a permit to stage a concert, which is expressive activity protected by the First Amendment). Any allegations which would implicate the Plaintiff's free speech rights are simply absent.[7]

The Second Amended Complaint likewise fails to allege that the Plaintiff was subjected to a condition of servitude in which she was forced to work for the Officer Defendants through coercive means, whether legal or physical, so as to sustain her Thirteenth Amendment claim. As related above, the gravamen of Plaintiff's Second Amended Complaint is that members of the Bridgeport Police Department entered her apartment without her consent, and in an inappropriate manner, to conduct a health and wellness check, and, as a result of the illegal entry, the Plaintiff was forced to retreat into her apartment and escape through a second-story window, causing her serious physical injury, economic damages, and ongoing emotional trauma. These allegations do not implicate the Thirteenth Amendment.

The motion to dismiss the § 1983 claims for First and Thirteenth Amendment violations as to the Officer Defendants is GRANTED. As the Court sees no viable claim under either Amendment based upon the factual underpinnings of this case, the dismissal is with prejudice. *See Lefkowitz v. Bank of New York*, 676 F. Supp. 2d 229, 276–77 (S.D.N.Y. 2009).[8]

**Conclusion**

---

[7] The Defendants construe Plaintiff's First Amendment claim as one alleging retaliation, but the Court cannot discern any theory under which the facts alleged implicate the Plaintiff's First Amendment rights, retaliation or otherwise.
[8] Whether the Plaintiff intended to bring any non-constitutional claims, *e.g.*, state law causes of action, cannot be discerned. However, as the case progresses, Plaintiff may seek leave to amend her complaint under Rule 15 if she believes such additional causes of action are well founded.

For the forgoing reasons, the Motion to Dismiss is GRANTED. The claims against Bridgeport P.D. are DISMISSED with prejudice, and the Clerk of the Court is directed to terminate this defendant. Further the First and Thirteenth Amendment claims against the City and the Officer Defendants are DISMISSED with prejudice.

However, the Court is cognizant that a complaint by a *pro se* plaintiff should not generally be dismissed without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Accordingly, Plaintiff's Fourth Amendment claims pursuant to § 1983 against the City are DISMISSED without prejudice. If the Plaintiff believes that she can cure the factual deficiencies identified in this decision so as to plausibly allege a *Monell* claim, she may file a Third Amended Complaint on or before July 28, 2022.

Plaintiff's § 1983 claim against the Officer Defendants for violations of her Fourth Amendment rights has not been challenged and remains. If Plaintiff elects to file a Third Amended Complaint, she must include the Fourth Amendment claim insofar as the Third Amended Complaint shall completely replace the Second Amended Complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of July 2022.

                */s/ Kari A. Dooley*
                KARI A. DOOLEY
                UNITED STATES DISTRICT JUDGE